## Chester City v. Chester Shipping Company.

*Taxation—Common carrier—Corporations.*

A landing place owned and used by a public service corporation, necessary for the operation and furnishing of its service to the public, is not subject to taxation for local purposes.

Case stated. C. P. Delaware Co., June T., 1921, No. 108.

A. A. Cochran, City Solicitor, for plaintiff; J. H. Hinkson, contra.

BROOMALL, J., April 16, 1923.—The parties to this contention have entered into the foregoing amicable action and have agreed upon the facts and submitted the controversy to the decision of the court.

From the agreed facts, it appears that the defendant is a public service corporation, incorporated on May 29, 1900, under the Act of Assembly of the State of Pennsylvania, approved April 29, 1874, P. L. 73, and supplements and amendments thereto, for the purpose of the carriage of persons and property on ships, vessels and boats. Its business consists of transporting freight on the Delaware River, between Chester and Philadelphia. Its landing-place in Chester, on the Delaware River, is described in the case stated. It is essential that the defendant have such a landing-place, and the property referred to is necessary for the operation by the defendant of its public service. This landing-place is used by the defendant for the purpose of its public service.

The plaintiff has assessed taxes against said property for local taxation purposes.

This case cannot be distinguished from the case of Bell Telephone Co. v. City of Chester, 11 Del. Co. Reps. 114. It is governed by principles therein referred to and the authorities therein recited, which lead us to the conclusion that the defendant's property is not subject to taxation for local purposes, and we, therefore, find in favor of the defendant.

From A. B. Geary, Chester, Pa.